UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON COURTNEY RILEY,

    Plaintiff,

v().                                       CASE NO. 8:18-cv-1212-T-23MAP

HSBC BANK PLC, et al.,

    Defendants.

_____/

## **ORDER**

Appearing *pro se*, Brandon Courtney Riley sues (Doc. 1) half-a-dozen foreign banks under the Anti-Terrorism Act, which provides a claim for relief to a United States national injured "by reason of an act of international terrorism." 18 U.S.C. § 2333(a). A veteran of Operation Iraqi Freedom, Riley allegedly suffered an injury from a terrorist attack in Iraq in 2006, and Riley attempts to subject to liability several banks that allegedly "financed Iran with billions of U.S. dollars."

Riley claims that the ATA imposes liability on the banks based on the banks' allegedly "admit[ting] [in other actions] to knowingly violating U.S. economic sanctions enabling Iran to access the U.S. and international financial systems and transfer funds" (Doc. 1 at 7), but Riley fails to allege well-pleaded facts that connect the banks' conduct to Riley's injury.[1] To successfully subject a defendant bank to

---

[1] The mere labels and legal conclusions in the complaint, such as the conclusion that the defendants "violated the Anti-Terrorism Act by providing material support to Iran," contribute nothing to meeting the plaintiff's burden under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

liability under the ATA for facilitating a transaction for a state sponsor of terrorism, the plaintiff must allege facts "demonstrating a substantial connection between the defendant and terrorism." *Owens v. BNP Paribas, S.A.*, 2018 WL 3595950 at *7 (D.C. Cir. July 27, 2018) (Griffith, J.). *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013) (Kearse, J.), affirms the dismissal of a complaint that attempted to subject UBS to liability for providing money to Iran. Like the complaint in this action, the complaint in *Rothstein*:

> does not allege that UBS was a participant in the terrorist attacks that injured [the plaintiff]. [The complaint] does not allege that UBS provided money to [the terrorist organization that allegedly attacked the plaintiff]. [The complaint] does not allege that U.S. currency UBS transferred to Iran was given to [a terrorist organization]. And [the complaint] does not allege that, if UBS had not transferred U.S. currency to Iran, Iran, with its billions of dollars in reserve, would not have funded the attacks in which the plaintiffs were injured.

*Rothstein*, 708 F.3d at 97. In sum, a plaintiff fails to state an ATA claim against a bank based on an allegation that the bank facilitated a financial transaction that benefitted Iran. *Rothstein*, 708 F.3d at 97; *Owens*, 2018 WL at *7–*8. Lacking well-pleaded allegations of fact that reasonably permit attributing Riley's injury to the defendant banks' conduct, Riley's complaint fails to state a claim.

Riley moved (Doc. 2) for leave to proceed *in forma pauperis*, and the magistrate judge granted (Doc. 5) the motion without finding that the complaint stated a claim under the ATA. Under 28 U.S.C. § 1915(d)(2)(B)(ii), an order "shall" dismiss a complaint that fails to state a claim. The magistrate judge ordered the marshal to serve the foreign defendants, which service might cost taxpayers hundreds or

thousands of dollars under the Hague Convention on the Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters. Because the complaint fails to state a claim, the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. No later than **AUGUST 31, 2018**, Riley may amend the complaint. The failure to timely amend the complaint will result in the dismissal of this action without further notice.

The June 18, 2018 order (Doc. 5) that grants leave to proceed *in forma pauperis* and that directs the marshal to serve the defendants is **VACATED**, and the motion (Doc. 2) for leave to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE** because the complaint fails to state a claim under the ATA. If Riley elects to amend the complaint, Riley must renew the motion for leave to proceed *in forma pauperis*. The order resolving the renewed motion for leave to proceed *in forma pauperis* will grant leave to proceed *in forma pauperis* only if the complaint states a claim. Riley's motion (Doc. 12) for a default judgment is **DENIED**.

ORDERED in Tampa, Florida, on July 30, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE