UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON COURTNEY RILEY,

    Plaintiff,

v.                                            CASE NO. 8:18-CV-1212-T-23SPF

HSBC BANK PLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before the Court is Plaintiff's second Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 16). The Court construes Plaintiff's Application as a motion for leave to proceed *in forma pauperis.* Concomitantly, Plaintiff filed his Amended Complaint (Doc. 15) alleging a claim against the Defendant foreign banks pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a). A district court must dismiss an *in forma pauperis* complaint at any time if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). As discussed below, I recommend the District Judge deny Plaintiff's second Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 16) and dismiss Plaintiff's Amended Complaint (Doc. 15).

    The District Judge denied Plaintiff's initial motion for leave to proceed *in forma pauperis* (Doc. 2) and dismissed Plaintiff's complaint (Doc. 1) without prejudice for failure to state a claim under the ATA finding that Plaintiff failed to allege well-pleaded facts that connect the Defendant banks' conduct to Plaintiff's injury. *See* Order, Doc. 13. To illustrate the deficiencies in Plaintiff's complaint (Doc. 1), the Court cited to *Rothstein v. UBS AG*, 708 F.3d

82 (2d Cir. 2013)(Kearse, J.)(affirming dismissal of a complaint, which attempted to subject defendant UBS to liability under the ATA for providing money to Iran, for failure to state a claim), and noted that, like Plaintiff's initial complaint, the complaint dismissed in *Rothstein*:

> does not allege that UBS was a participant in the terrorist attacks that injured [the plaintiff]. [The complaint] does not allege that UBS provided money to [the terrorist organization that allegedly attacked the plaintiff]. [The complaint] does not allege that U.S. currency UBS transferred to Iran was given to [a terrorist organization]. And [the complaint] does not allege that, if UBS had not transferred U.S. currency to Iran, Iran, with its billions of dollars in reserve, would not have funded the attacks in which the plaintiffs were injured.

*See* Order, Doc. 13 at p. 2 (quoting *Rothstein*, 708 F.3d at 97).

Plaintiff presumably undertook to allege well-pleaded facts that connect the Defendant banks' conduct to Plaintiff's injury. However, a review of Plaintiff's Amended Complaint (Doc. 15) reveals that the totality of the amendment was a regurgitation of this list of deficiencies in the form of conclusory allegations as follows:

1. The defendant (banks), were participants in the terrorist attacks that injured Plaintiff.
2. The defendants provided money to terrorist organizations that caused Plaintiff's injuries.
3. The defendants transferred United States currency to Iran, which was then given to terrorist organizations to harm United States service members.
4. Had it not been for the transferring of United States currency to Iran, Iran with its billion of dollars in reserve, would not have funded the attacks in which the Plaintiff was injured.

Amended Complaint, Doc. 15 at p. 2.

While this Court is mindful that a *pro se* plaintiff's pleading must be construed liberally, the Court finds Plaintiff's Amended Complaint fails to state a claim against Defendants. For a plaintiff to state a claim for relief, "a complaint ... does not need detailed factual allegations, ... [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must plead enough facts to state a plausible, and not merely conceivable, basis for the claim. *Id.* Plaintiff's additional new allegations are conclusory and a formulaic recitation insufficient to state a plausible basis for his ATA claim.

Accordingly, it is hereby

RECOMMENDED:

(1) Plaintiff's second Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 16) be **DENIED**; and

(2) Plaintiff's Amended Complaint (Doc. 15) be **DISMISSED**.

IT IS SO REPORTED in Tampa, Florida, on September 7, 2018.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

cc:   Hon. Steven D. Merryday
      Plaintiff, *pro se*